IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TAMMY JEAN JONES-GIPSON                                                       PLAINTIFF

v.                                                                       No. 3:07CV127-B-A

BARDEN GAMING, INC., ET AL.                                                 DEFENDANTS

**Memorandum Opinion**

This matter comes before the court on the motion [27] by the defendants for summary judgment. The plaintiff alleges that she slipped, fell, and sustained injury in the restroom of a casino owned by the defendants – and that the defendants' negligence renders them liable to her for her injuries. The defendants have moved for summary judgment in this case, and the plaintiff has not responded. The matter is ripe for resolution. For the reasons set forth below, the present motion for summary judgment shall be granted, and judgment shall be entered for the defendants. On May 2, 2008, the court entered an order permitting the plaintiff's attorneys to withdraw – requiring the plaintiff to inform the court within fifteen days that she has obtained other counsel or intends to proceed *pro se*. The order cautioned the plaintiff that failure to comply with this order would lead to dismissal of this case. Despite this warning, the plaintiff has not complied with the court's order, and the deadline for compliance passed on May 17, 2008. The result is that the plaintiff is proceeding *pro se*. The defendants served requests for admissions under FED. R. CIV. P. 36 upon the plaintiff on July 10, 2008. The plaintiff has not responded, and the deadline for response expired on August 11, 2008. As such, the matters covered under the requests for admissions are deemed admitted. FED. R. CIV. P. 36(b). The defendants have supported their motion for summary judgment with the plaintiff's admissions. In addition, the plaintiff failed to attend the final pretrial conference scheduled for February 24,

2009.

## Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th

Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Undisputed Material Facts**

The plaintiff's admissions establish the following facts. Barden Mississippi Gaming, LLC owns Fitzgerald's casino. Barden Mississippi Gaming, LLC is a Mississippi corporation with its principal place of business in the State of Mississippi. Tammy Jones-Gipson ("Plaintiff") is an adult resident citizen of the State of Alabama. She has filed suit at least twice before alleging that she was injured on the premises of a landowner. Under 28 USC Section 1332, there is complete diversity of jurisdiction and the Court has jurisdiction over the Parties in the subject matter. Plaintiff alleges to have been injured on April 18th, 2005, in the women's restroom on the first floor of the casino around 6:05 a.m. She had been in the casino for some time. She claims to have fallen in the restroom. The area where she alleges to have fallen was not wet. There was an attendant in the restroom. After she alleged she was injured, Ms. Gipson was overheard making a phone call. During the phone call, she was arguing with the person on the other line and admitted that she had consumed three or four liquor drinks. To the extent that there was any hazardous condition on the bathroom floor, there was adequate warning as there

were signs both inside and outside of the restroom that were yellow and clearly stated "wet floor." In addition, there was an industrial blower in the restroom to ensure that the floor was dry and safe regardless of whatever conditions may have existed. There was no heavy cleaning of the restroom going on at the time as the restroom is closed if any heavy cleaning takes place. There is a restroom attendant on duty, and was at that time, to make sure that the floor is reasonably safe. The premises in this instance were reasonably safe. To the extent any unsafe condition existed, there was reasonable and adequate warning of any dangerous condition.

## Prevailing Law

The duties of a landowner can be summarized thus:

> There is no duty to warn of a defect or danger that is as well known to the invitee as to the land owner, or of dangers that are known to the invitee, or dangers that are obvious or should be obvious to the invitee in the exercise of ordinary care. *Grammar v. Dollar*, 911 S2d 619, 624 (Miss. Ct. App. 2005). Additionally, the owner of a business does not insure the safety of its patrons. Rather, the owner of a business "owes a duty to an invitee to *exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or to warn of dangerous conditions not readily apparent, which the owner or occupant knows of, or should know of, in the exercise of reasonable care.*" *Robinson v. Ratliff*, 757 S2d 1098, 1101 (Miss. Ct. App. 2000).

*Chriss v. Lipscomb Oil Co.*, 2008 Miss. App. LEXIS 2002 (emphasis added). In order to recover, as a business invitee, Ms. Gipson must prove that Fitzgerald's caused an unreasonably dangerous condition to exist on the premises. *McGovern v. Scarborough*, 566 S2d 1225, 1228 (Miss. 1990) (Affirming directed verdict for the defendant).

## Discussion

Ms. Gipson never complained to anyone at Fitzgerald's. Fitzgerald's received no complaints of any problems with the floor. The floor was dry and there was no reason for the Plaintiff to fall. Plaintiff was sent requests for admissions which are conclusive as to all matters contained within them. The plaintiff failed to respond in any way; as such, those facts are deemed admitted. Fed. R. Civ. 36; *Walsh v. McCain Foods, Ltd.*, 81 F3d 722, 726 (7th Cir. 1996); *In Re Int'l Marine*, 328 F. Supp. 1316, 1324 (5th Cir. 1971). For these reasons, the defendants are entitled to judgment as a matter of law. There is no proof that an unreasonably dangerous condition existed on the premises – or that the premises as a whole were unreasonably dangerous. Even if a dangerous condition had existed, the plaintiff was either aware of it or had adequate warning that it existed. As such, the defendant's motion for summary judgment shall be granted, and judgment shall be entered for the defendants. In the alternative, given the plaintiff's failure to either obtain an attorney or inform the court of her intention to proceed *pro se*, the case shall also be dismissed under FED. R. CIV. P. 41(b) for failure to prosecute and failure to comply with an order of the court.

**SO ORDERED,** this the ___11th___ day of March, 2009.

                                                       s/Neal Biggers
                                                     NEAL B. BIGGERS
                                                     SENIOR U. S. DISTRICT JUDGE